# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EZ STAK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 8742 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| DEJANA TRUCK & UTILITY | ) | |
| EQUIPMENT COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff EZ STAK, LLC has sued defendant Dejana Truck & Utility Equipment Company, LLC in a declaratory judgment action to decide the validity of Dejana's asserted patents relating to shelving systems installed in vans and trucks. Currently before the Court is EZ STAK's motion to dismiss Dejana's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) (R. 29). For the reasons explained below, the Court denies EZ STAK's motion.

## STANDARD

The pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) apply to patent infringement claims. *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 771 (N.D. Ill. 2016). Pursuant to these standards, a claim or counterclaim must provide "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Through this statement, the opposing party must be given

"fair notice" of the claim and the basis for it. *Twombly*, 550 U.S. at 555. This means the claim or counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## BACKGROUND

The following facts are taken from Dejana's counterclaims. Dejana is a manufacturer and supplier of storage solutions for trucks and vans. R. 24 ¶ 7. Dejana owns U.S. Patent Nos. 8,763,820, 9,010,830, 9,233,647, 9,381,872, 9,669,773, and 9,796,339. *Id.* ¶ 1. All of these patents are for various aspects of Dejana's interior vehicle shelving systems, including Dejana products known as Katerack and DuraRac. *Id.* ¶¶ 7-9. Two of the patents are for shelving systems with cages to store ladders inside a vehicle (*id.* ¶¶ 12-22), two are for rack and tray devices for vehicle shelving systems (*id.* ¶¶ 23-30), and two are for locking mechanisms for vehicle shelving systems (*id.* ¶¶ 31-40).

EZ STAK is a manufacturer of modular interior storage systems for trucks and vans. *Id.* ¶ 41. EZ STAK distributes products directly to customers and through third-party affiliated dealers. *Id.* ¶ 43. EZ STAK specializes in providing customized

solutions, advertising itself as working one-on-one with clients to meet their storage needs. *Id.* ¶ 45.

Dejana alleges that EZ STAK has agreed to make Dejana's patented shelving systems at a lower cost for multiple potential customers. *Id.* ¶¶ 67-82, 87-95. In particular, Dejana alleges that after it submitted proposed designs for a DuraRac shelving system to Peoples Gas, a utility provider, it learned that a copycat system would instead be manufactured by EZ STAK "based on Dejana's proposed drawings." *Id.* ¶¶ 76-81. Dejana alleges that EZ STAK in fact manufactured and sold that copycat system to Peoples Gas. *Id.* ¶ 82.

Dejana sent EZ STAK a cease-and-desist letter on January 19, 2017. *Id.* ¶ 74. In a response on January 24, 2017, EZ STAK expressly represented that it would "not manufacture the Katerack/DuraRac systems patented by Dejana." *Id.* ¶ 75. Nevertheless, at a trade show in March 2017, EZ STAK allegedly displayed various products that Dejana's representatives inspected and confirmed included patented features from Dejana's Katerack and DuraRac shelving systems. *Id.* ¶¶ 83-86. And during the summer of 2017, Dejana learned that EZ STAK planned to supply a copycat shelving and ladder rack system for Goodman Networks, a field services company with whom Dejana had previously discussed supplying a DuraRac shelving system. *Id.* ¶¶ 87-95.

On December 5, 2017, EZ STAK sued Dejana in a declaratory judgment action seeking adjudication of the validity of the asserted patents. R. 1. On February 28, 2018, Dejana filed patent infringement counterclaims spanning 567

paragraphs and over 100 pages, with a separate count for each of its six patents. R. 24 ¶¶ 1-567. Each of Dejana's six counterclaims is highly detailed, with descriptions of the relevant patent, descriptions and labeled drawings of the allegedly infringing products and their infringing features, and images of allegedly infringing products that used to be on EZ STAK's website but were subsequently removed. *See id.*

Dejana alleges patent infringement not simply based on EZ STAK's making or selling products covered by the patents, but also based on EZ STAK's offering to sell such products. *Id.* ¶¶ 103, 183, 266, 343, 427, 489. Dejana seeks an injunction prohibiting all further infringement, including infringement by inducement and contributory infringement. *Id.* at p. 164. Dejana also seeks treble damages for willful infringement. *Id.* On April 11, 2018, Dejana served initial infringement contentions containing 12 claim charts and 20 appendices. R. 37-2; R. 37-3.

## ANALYSIS

In its motion to dismiss, EZ STAK repeats the same basic refrain with respect to each of Dejana's counterclaims: that Dejana does "not compare the claims of the[ ] six patents to actual EZ STAK accused van installations." *E.g.*, R. 30 at 1. Instead, Dejana compares the patent claims to Dejana's drawings of allegedly infringing products and images that allegedly have been removed from EZ STAK's website. EZ STAK maintains that Dejana has not alleged an infringement theory that satisfies the plausibility standard set forth in *Twombly* and *Iqbal*.

The Court agrees with Dejana that there are three fundamental problems with this argument. *First*, EZ STAK misunderstands Dejana's burden at the

pleading stage. As the Federal Circuit recently explained when reversing an order dismissing patent infringement claims under *Twombly* and *Iqbal*, "[s]pecific facts are not necessary"; the opposing party need only be given "fair notice of what the [infringement] claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). In other words, a party alleging patent infringement need not "'prove its case at the pleading stage.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012) (warning against requiring a "level of factual specificity" in pleading patent infringement that "would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage")). The Federal Circuit explained in *Disc Disease* that a general allegation that the allegedly infringing products "meet each and every element of at least one claim of Plaintiff's patents . . . are sufficient under the plausibility standard of *Iqbal/Twombly*." 888 F.3d at 1260.

Here, Dejana has pleaded plausible infringement counterclaims under *Iqbal* and *Twombly*. As in *Lifetime Indus.*, the counterclaims put EZ STAK "on notice of what activity . . . is being accused of infringement" by identifying "where the alleged infringement occurred," "when it occurred," "who performed the allegedly infringing act[s]," "and why." 869 F.3d at 1379. And Dejana goes well beyond the allegations found satisfactory in *Disc Disease* by comparing the limitations in the asserted patents to the allegedly infringing products. *See, e.g.*, R. 24 ¶¶ 142-48 (comparing the limitations in one of the asserted patents to the stack rack that EZ STAK

allegedly offered to sell Goodman). Dejana's allegations that EZ STAK has removed allegedly infringing content from its website further support the plausibility of Dejana's counterclaims.

EZ STAK relies heavily on *Atlas*, 189 F. Supp. 3d at 779, in support of its argument for dismissing Dejana's counterclaims under *Twombly* and *Iqbal*. But in *Atlas*, the plaintiff's arguments in response to a motion to dismiss the plaintiff's third amended complaint "contradicted . . . its own Second Amended Complaint" and "depend[ed] on an unsustainable construction" of the claims, making an inference of infringement "entirely speculative." 189 F. Supp. 3d at 778-79. Unlike in *Atlas*, EZ STAK has not shown that Dejana has contradicted itself or that its counterclaims depend on a claim construction that is untenable as a matter of law.

*Second*, Dejana does not need to compare the claims in its six asserted patents to "actual" EZ STAK installations to state a claim for direct infringement under 35 U.S.C. § 271(a), as EZ STAK repeatedly asserts in its motion (R. 30 at 1, 3, 4, 6, 7, 9, 10). Because Dejana has not yet had the benefit of discovery, it cannot be expected to have fully developed its evidence of EZ STAK's actual infringing products. *See, e.g.*, *John Keeler & Co. v. Heron Point Seafood, Inc.*, 2017 WL 3705863, at *6 (N.D. Ohio Aug. 28, 2017) ("While the court is aware of the fact that Keeler poses its contentions without the benefit of having examined the accused product, such is the position of all plaintiffs at this stage in the litigation. . . . After Keeler has been given an opportunity for discovery, it may seek to amend its contentions, if necessary, before they become final following the construction

hearing."). Holding Dejana to such a standard would be especially unfair in this case, where EZ STAK sells many customized products rather than off-the-shelf units easily available for inspection.

EZ STAK relies on *Judin v. United States*, 110 F.3d 780 (Fed. Cir. 1997), in support of its position that Dejana must point to an actual EZ STAK installation to support its claims. But in *Judin*, the plaintiff's attorneys merely "view[ed] the accused devices at a distance" "but otherwise conducted no investigation," which the Federal Circuit found warranted sanctions. *Id.* at 781-84. Here, by contrast, Dejana bases its detailed counterclaims on information learned from Dejana's potential customers, actual images of products EZ STAK allegedly offered to sell on its website and then took down, Dejana's representatives' "inspection" (R. 24 ¶ 157) of EZ STAK products at a trade show, and drawings of Dejana products that EZ STAK allegedly offered for sale or sold.

At this stage of the case, the Court finds Dejana's reliance on images removed from EZ STAK's website and Dejana's representatives' inspection of EZ STAK's shelving system at a trade show appropriate. The same is true for Dejana's reliance on its own drawings. Although EZ STAK balks at Dejana's use of its own drawings to support its infringement claims, relying on those drawings makes sense in light of Dejana's repeated allegations that EZ STAK offered to sell Dejana's precise designs and patented products. *See, e.g.*, R. 24 at ¶ 69 ("Dejana learned that the customer was having its patented Katerack supplied by EZ STAK"); *id.* ¶ 79 ("After Peoples Gas accepted Dejana's proposed designs [for a DuraRac system], Dejana

learned that the proposed design would be supplied by EZ STAK"); *id.* ¶ 95 ("Dejana

learned that EZ STAK had offered to manufacture Dejana's patented shelving and

ladder rack system" for a third-party to install in Goodman's vans); *id.* ¶ 114 ("On

information and belief, EZ STAK offered to sell, agreed to manufacture or supply,

and/or sold a copycat interior shelving system based on Dejana's customized

drawings and designs for installation into Peoples Gas' vans"); *id.* ¶ 141 ("On

information and belief, the representative drawings reproduced below were included

in EZ STAK's vehicle shelving system proposal that [a third-party] initially relied

upon for its proposal to install the system in Goodman Networks' vans. . . . These

drawings have been annotated to indicate and highlight the '773 Patented

Features.").[1]

*Third*, EZ STAK's insistence that Dejana compare the patent claims to

"actual" EZ STAK installations is misplaced for yet another reason. The Patent Act

provides that "whoever without authority makes, uses, *offers to sell*, or sells any

patented invention, within the United States or imports into the United States any

patented invention during the term of the patent therefor, infringes the patent." 35

---

[1]    EZ STAK takes issue with these and other allegations in Dejana's counterclaims that are pleaded based on "information and belief." But that language does not doom Dejana's counterclaims. "[N]othing in either *Twombly* or *Iqbal* suggests that pleading based upon 'information and belief' is necessarily deficient." *Simonian v. Blistex, Inc.*, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010). "[P]leading in this manner is not categorically improper, especially when information lies uniquely within the control of the defendant." *Id.*; *see also Atlas*, 189 F. Supp. 3d at 775 (explaining that "pleading on information and belief" is "permit[ted]"). Like in *Simonian*, information about EZ STAK's actual installations and sales is in the control of EZ STAK and is likely to be developed in discovery. The Court declines to find Dejana's counterclaims deficient on this basis.

U.S.C. § 271(a) (emphasis added). Thus, "offer[ing] to sell" infringing products independently violates the Patent Act regardless of actual sales. *Id.* And Dejana has clearly pleaded that EZ STAK advertised and offered to sell infringing products.

Finally, EZ STAK takes issue with Dejana's theories of infringement by inducement and contributory infringement, claiming that Dejana has not alleged facts plausibly supporting these theories. With respect to infringement by inducement, the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). The Federal Circuit in *Bill of Lading* made clear that a plaintiff is not required to "allege facts that prove all aspects of its [infringement by inducement] claims" at the pleading stage. 681 F.3d at 1341. Rather, allegations that the defendant advertised allegedly infringing products to customers, coupled with a cease-and-desist letter showing the defendant's knowledge of the patents at issue, were more than sufficient to give "rise to a reasonable inference that [the defendant] intend[ed] to induce [its] customers [to purchase an infringing product]." *Id.* Dejana's counterclaims plead this and more, including numerous specific allegations about EZ STAK's offers to sell infringing products, and a response from EZ STAK to the cease-and-desist letter showing knowledge.

To plead a contributory inducement theory, a party "must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. EZ STAK argues that Dejana does not allege such facts. But EZ STAK's own complaint

9

admits that "The Accused Product" is a "frame and door system *for installing into [a] vehicle*"—*i.e.*, an infringing use. R. 1 ¶ 34. And Dejana's counterclaims point to portions of EZ STAK's website that confirm the use of EZ STAK's accused products for installing into vehicles. *See* R. 24 ¶¶ 41-43, 45-46, 48-52, 55, 58-59, 63, 71-72. Unlike in *Bill of Lading*, EZ STAK's complaint does not "actually make clear on [its] face that [EZ STAK's] products *do* have substantial non-infringing uses." 681 F.3d at 1339. Dejana has thus sufficiently pleaded contributory inducement.

## CONCLUSION

For the foregoing reasons, the Court denies EZ STAK's motion to dismiss Dejana's counterclaims (R. 29).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 12, 2018